**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNE MARIE VILLA, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br>   v.<br><br>TIME WARNER CABLE INC.,<br><br>            Defendant. | **CASE NO. _____**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anne Marie Villa ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between November 27, 2015 and December 2, 2015, Defendant Time Warner Cable Inc. ("TWC" or "Defendant") made seven robocalls to Plaintiff, Anne Marie Villa, on her cellular telephone. These calls were all made using an autodialer and/or an artificial or prerecorded voice. Ms. Villa did not give TWC prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of TWC in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an autodialer and/or an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Anne Marie Villa is, and at all times mentioned herein was, a resident of Pinole, California and a citizen of the State of California.

4. Defendant Time Warner Cable Inc. is a Delaware corporation with its principal place of business at 60 Columbus Circle, New York, New York 10023.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is headquartered within this District, Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

A. **The Telephone Consumer Protection Act Of 1991**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. In addition, the TCPA prohibits making "any call" using "an artificial or prerecorded voice" to a wireless number. 47 U.S.C. § 227(b)(1)(A)(iii).

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because autodialed and prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

2

**B.     Defendant's Robocalls to Plaintiff and Class Members**

13.     Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendant.  Plaintiff has never provided Defendant with her telephone number.

14.     The following chart shows each date and time that Defendant called Plaintiff on her cellular telephone number:

**DEFENDANT'S CALLS TO PLAINTIFF**

| Date | Time | Number Calling |
|---|---|---|
| 11/27/2015 | 9:25 AM | (800) 892-2253 |
| 11/27/2015 | 10:28 AM | (800) 892-2253 |
| 11/27/2015 | 10:28 AM | (800) 892-2253 |
| 11/27/2015 | 3:26 PM | (800) 892-2253 |
| 12/2/2015 | 10:51 AM | (800) 892-2253 |
| 12/2/2015 | 11:54 AM | (800) 892-2253 |

15.     In total, Defendant called Plaintiff at least seven times using an autodialer and/or an artificial or prerecorded voice without her prior express written consent.

16.     Online consumer complaints regarding Defendant's unsolicited telemarketing robocalls from TWC at this same number are legion:

- I am not part of Time Warner and on the do not call list and they have called me 9 times in the past 3 days.[1]

- I had them call me 23 times in the past 4 hours.[2]

- I'm not a customer and I'm on the Do Not Call list and they're still calling.[3]

- Time Warner automated call. I have received 4-5 of these over the past few weeks.[4]

---

[1] http://800notes.com/Phone.aspx/1-800-892-2253 (last checked Dec, 7, 2015).

[2] *Id.*

[3] *Id.*

[4] http://800notes.com/Phone.aspx/1-800-892-2253/2 (last checked Dec, 7, 2015).

3

- call comes in - and no one on the other line.  It's Time Warner with their automatic annoyance call, they're doing telemarketing and they don't happen to have an operator available at the time.[5]

- I called and got the same thing.  Time Warner Cable.  Agent had no clue why I kept getting the calls.  The've called 2x per day for the last week.  I told them to take me off the telemarketing list.  I hope that works.[6]

- I have received this call three times in the past week. Since I work at night, this means they have awakened me three times. They do not leave a message and disconnect when I answer.[7]

- received 3 calls from 1-800-892-2253 within 10 minutes on cellphone~!!!  This is ridiculous.  Is there any way to stop these shenannigans?  Its aggravating, and especially not leaving a voicemail.[8]

- I have gotten countless calls from this number and everytime it is the same it is a hangup call I have called it back and asked to be removed from their calling list only to have my call dropped during one of the many transfers it takes to attempt speaking to a represenative please lose my number and stop calling me all hours of the day and night![9]

- I receive calls from this 800 number daily.  It is very annoying!  I dont answer when I see the number, but they call over and over.  How can we stop this?  I am also on the Do Not Call List[10]

- They call around three times a day asking for different family members.  When asked the purpose of the call they hang up.[11]

- They call 2 or 3 times a day, 3 rings then hang up.[12]

- Calls continuously and hangs up without leaving a message.[13]

- tired of getting this stupid call[14]

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] http://800notes.com/Phone.aspx/1-800-892-2253/3 (last checked Dec, 7, 2015).

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] http://800notes.com/Phone.aspx/1-800-892-2253/4 (last checked Dec, 7, 2015).

4

- These calls have burdened me for months. I am on the do not call list and have now contacted the FCC to have Time Warner cease and disist on my behalf. If you have the same issues where the calls won't stop (and why oh why would anyone have to wait 30 days for Time Warner to stop the War dials if you have already previously demanded to be eliminated from their telemarketing calls is ridiculous!), you might need to take the same tact.[15]

- I am on the do not call list and this number calls me and hangs up. very annoying[16]

- Anyone have any idea of how to stop these calls?[17]

- This number calls me every day and I cant stop it. When I answer the call there is noone on the line and it hangs up on me. When I call the number back I get someone who knows nothing about it after I push a bunch of different numbers. This is very annoying and I want it to stop now.[18]

- please stop calling my number[19]

- Received multiple calls from this number. My number is on the Do Not Call list.[20]

- calls everyday--but no one is on the other end[21]

- Stop this company from pestering me!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!![22]

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] http://800notes.com/Phone.aspx/1-800-892-2253/5 (last checked Dec, 7, 2015).

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] http://800notes.com/Phone.aspx/1-800-892-2253/6 (last checked Dec, 7, 2015).

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

19. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20. Plaintiff also proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robocalls that she received, that the classes are so numerous that individual joinder would be impracticable.

23. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electricity charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

24. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

25. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to class members using an autodialer without their prior express written consent;

   b. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

   c. Whether Defendant's conduct was knowing and/or willful;

   d. Whether Defendant is liable for damages, and the amount of such damages, and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

26. As a person who received numerous and repeated calls on her telephone using an autodialers and/or an artificial or prerecorded voice without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29.     Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

30.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

32.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

33.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

34. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

39. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  December 8, 2015

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s *Joshua D. Arisohn*
        Joshua D. Arisohn

Scott A. Bursor
Joseph I. Marchese
Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
            jmarchese@bursor.com
            jarisohn@bursor.com

*Attorneys for Plaintiff*